UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN S. DEPETRO, | ) |
| | ) No. CV-10-374-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 5, 2012 (ECF No. 13, 15). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Lisa Goldoftas represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge (ECF No. 7). On October 3, 2011, plaintiff filed a reply (ECF No. 17). After reviewing the administrative record and the briefs filed by the parties, the court **grants** Defendant's Motion for Summary Judgment (ECF No. 15).

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) alleging an amended onset date as of the date of filing, April 12, 2007 (Tr. 39-40, 146-151). The application was denied initially and on reconsideration (Tr. 108-111, 113-114).

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                              - 1 -

Plaintiff alleged disability due to depression, post traumatic stress disorder (PTSD), and anti-social personality disorder (Tr. 172).

Administrative Law Judge (ALJ) Gene Duncan held hearings on September 8 and December 10, 2008. Plaintiff, represented by counsel, and psychological and vocational experts testified (Tr. 30-32, 35-79). On January 9, 2009, the ALJ issued an unfavorable decision (Tr. 13-27). The Appeals Council denied review on October 4, 2010 (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 26, 2010 (ECF No. 1, 4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 46 years old at onset (Tr. 146). He completed the ninth grade and later earned a GED (Tr. 36, 176). He has worked as a dishwasher, and last worked in 1995 (Tr. 172-173). He did not get along with coworkers (Tr. 59). Plaintiff testified he cannot work because of his mental symptoms. He doubted he could keep a job (Tr. 67, 172). He abused drugs and alcohol in the past. Plaintiff testified he last used street drugs about four years before the hearing on December 10, 2008, and last drank 3 to 4 months before the same hearing (Tr. 37-38, 245).

Plaintiff's function report filed with his application indicates he cares for a cat, has no problems with personal care, and needs no grooming reminders. He fixed easy meals daily,

cleaned, and shopped once a week. He walked and used public transportation. He has problems following instructions, but follows written and spoken instructions "pretty good." He alleged problems with memory, concentration, understanding, and getting along with others (Tr. 159-163).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of

impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental

impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)).

## ALJ'S FINDINGS

At step one, the ALJ found plaintiff did not engage in substantial gainful activity after the amended onset date of April 12, 2007 (Tr. 16). At steps two and three, he found plaintiff suffers from major depressive disorder, antisocial personality disorder, and hepatitis C, impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 16, 18-19). The ALJ found plaintiff's allegations regarding his limitations were not entirely credible (Tr. 22-24). ALJ Duncan assessed an RFC for a range of light work (Tr. 20-21). At step four, relying on a vocational expert, the ALJ found plaintiff is unable to perform

any past relevant work (Tr. 26). At step five, again relying on the VE, the ALJ found plaintiff can perform other jobs such as components assembler and agricultural sorter (Tr. 26). The ALJ found plaintiff has not been disabled as defined by the Social Security Act at any time from onset through the decision date (Tr. 27).

**ISSUES**

Plaintiff first alleges the ALJ erred when he accepted the testifying expert's opinion over those of examining psychologists Brown[1] and Islam-Swart.[2] Second, he alleges the ALJ erred when he failed to discuss the opinion of James Bailey, Ph.D., an agency consultant (ECF No. 14 at 13-20). Plaintiff does not challenge the ALJ's adverse credibility determination on appeal.

The Commissioner answers that the ALJ gave specific and legitimate reasons supported by substantial evidence for rejecting some of the examiners' opinions; properly weighed the opinion of testifying psychologist Ronald Klein, Ph.D., and any error in failing to discuss Dr. Bailey's opinion was clearly harmless because it was not probative and was inconsequential to the ultimate finding of nondisability. The Commissioner asks the court to affirm (ECF No. 16 at 8-14).

**DISCUSSION**

**A. Standards for weighing opinion evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical

---

[1] Debra Brown, Ph.D.

[2] Kayleen Islam-Swart, Ph.D.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6 -

evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).

    A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751(9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1435, 1463 (9th Cir. 1995).

    In addition to the testimony of a nonexamining medical

advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-1043 (9th Cir. 1995).

**B. Testifying psychologist**

Dr. Klein reviewed the entire record. He rejected Dr. Brown's PTSD diagnosis. He testified her PTSD diagnosis has no support, basis, or justification in the record. Dr. Klein points out in Exhibit 12F "she relates in one sentence that because this gentleman had been physically beaten up by his father she assigns PTSD to him" (Tr. 41). There is no further basis offered for the diagnosis. Dr. Klein encouraged the ALJ to give the PTSD diagnosis little if any weight (Tr. 41).

Similarly, Dr. Klein opined Dr. Brown's bipolar disorder diagnosis is more obviously attributable to DAA. With respect to evidence of DAA, Dr. Klein observes "we still have some ongoing alcohol usage with this gentleman." He notes Dr. Brown's October 2001 evaluation mentions three episodes of intoxication leading up to the second evaluation (Tr. 41-42, citing Exhibit 2F).

Dr. Klein opined the evidence does not support Dr. Brown's bipolar disorder diagnosis:

> "nor does she make the . . . more obvious connection between the drug and alcohol use and symptoms that might be misinterpreted as bipolar disorder. Because obviously the kinds of drugs, amphetamines, meth particularly and marijuana can mimic some of the symptoms of bipolar disorder. And so when there's an active DA and A [drug abuse and alcohol abuse] history it's incumbent upon

> clinicians to be able to identify, well, wait a minute, that's drug related and not a separate psychiatric diagnosis in and of itself."

(Tr. 42).

Dr. Klein reviewed Dr. Brown's test results. He noted plaintiff's trailmaking test results changed from normal to mildly impaired over the course of different examinations. He opined this test result does not change from normal to mildly impaired unless there is some damage to the brain, such as a stroke or severe blow to the head. Dr. Klein observed plaintiff has no history of brain injury (Tr. 42-43, 268, 291).

Dr. Klein pointed out Dr. Brown incorrectly characterized plaintiff's MMPI results (obtained during testing on the same day as the trailmaking tests) as valid, even though "it is [they are] clearly not." Dr. Klein noted some extremely elevated scores may suggest malingering: "I think he was trying to overplay the card at that point." (Tr. 43, referring to Exhibit 3F).

An ALJ may reject a treating or examining physician's contradicted opinion in reliance on the testimony of a nonexamining advisor when the testimony is supported by other evidence in the record and is consistent with it. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984).

Dr. Klein's opinion is supported by other evidence, including the records of plaintiff's primary care physician, Robert Margraf, M.D. The ALJ observes Dr. Margraf noted in June 2007 plaintiff has not suffered any acute depressive episodes since he has been taking abilify and clean from drug abuse (Tr. 24, referring to Tr. 261). In October 2007, plaintiff says he "feels things are going

pretty well" (Tr. 302). In January 2008, Dr. Margraf notes plaintiff "feels he is sleeping well currently;" and "feels he is doing pretty well." In June 2008, plaintiff says he is "doing well" and sleeping fine. There are no reported manic episodes. He denies major depressive symptoms and says his "spirits are good at present." (Tr. 304, 306). Plaintiff told Dr. Margraf on at least two occasions that obtaining SSI monetary benefits would improve his life, and he would be able to do volunteer work (Tr. 24, Exhibits 8F and 13F, Tr. 264, 302, 309).

The ALJ is correct. Dr. Margraf's records support Dr. Klein's opinion.

## C. Examining psychologists

Plaintiff alleges the ALJ failed to properly credit the opinions of examining psychologists Drs. Brown and Islam-Swart, and failed to give adequate reasons for rejecting them, ECF No. 14 at 13-20. The Commissioner answers that the ALJ properly discounted the examiners' opinions because they "failed to delineate" the effects of plaintiff's admitted drug use, their opinions lack objective findings, test results undermine plaintiff's credibility [to the extent the examiners relied on plaintiff's less than credible statements in rendering their opinions], and some of the opinions are internally inconsistent, ECF No. 16 at 11-13. The Commissioner asserts any error by the ALJ in failing to correctly identify the number of reports by the examiners is harmless, ECF No. 16 at 9-11.

The Commissioner is correct.

As noted, Dr. Brown's PTSD and bipolar disorder diagnoses were properly rejected as unsupported by the evidence, the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 10 -

symptoms are more obviously the result of DAA, and some test results are invalid (trailmaking, MMPI-2). Similarly, Dr. Brown's 2008 assessed severe limitations are refuted by treating Dr. Margraf's records, as the ALJ notes (Tr. 23-26)(*cf. e.g.*, Tr. 314-315 *with* Tr. 304, 306).

Dr. Klein as well as the ALJ reviewed Dr. Swart-Islam's March 2005 report, about two years before onset (Tr. 24-25, 43, report at 229-236). She notes plaintiff's current use of marijuana and alcohol (Tr. 231). The ALJ opines the report is internally inconsistent. Plaintiff told Dr. Swart-Islam he was taking celexa, it was helping with his symptoms, and he believed he did not need medication for depression at that time.[3] Nonetheless, Dr. Islam-Swart assessed a GAF of 50 indicating serious symptoms or impairment (Tr. 24, 229, 231). The ALJ is correct. Plaintiff's own statements about his functioning, both to Dr. Margraf and Dr. Islam-Swart, undercut Dr. Islam-Swart's opinion.

Dr. Islam-Swart makes no effort to reconcile the internal inconsistency between plaintiff's description of functioning and her assessment of functioning. This is a specific, legitimate reason, supported by substantial evidence, for the ALJ to discount Dr. Islam-Swart's contradicted opinion. *See Lester*, 81 F.3d at 831; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995).

An ALJ need not accept the opinions of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), nor is he required to credit opinions contradicted by

---

[3] Plaintiff also opined diagnosed bipolar disorder is the "mental equivalent of a head cold" (Tr. 229).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 11 -

a claimant's testimony.

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005). The ALJ gave clear and convincing reasons for his adverse credibility determination, and because unchallenged it is a verity on appeal. When he assessed the conflicting medical evidence, the ALJ considered (in part) plaintiff's inconsistent statements regarding drug use and failure to follow recommended treatment (Tr. 23-25). These are clear and convincing reasons supported by substantial evidence. *Thomas v. Barnhart,* 278 F.3d 947, 958-959 (9th Cir. 2002)(inconsistent statements diminish credibility); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)(failure to follow medical treatment diminishes credibility). The ALJ's unchallenged credibility assessment is free of error and additionally supports his rejection of some of the examiners' assessed limitations.

**D. Agency consultant**

Last, plaintiff alleges the ALJ should have credited or discussed the opinion of consultant James Bailey, Ph.D. (affirmed by Patricia Kraft, Ph.D.,) ECF No. 14 at 19; 17 at 4. The Commissioner answers that the ALJ is not required to credit evidence like this which is not significant or probative, and error if any is harmless because the evidence was inconsequential to the ultimate determination of nondisability, ECF No. 16 at 13-14.

The Commissioner is correct.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 12 -

Dr. Bailey reviewed Drs. Brown and Islam-Swart's reports, which as noted were properly discredited by Dr. Klein and ultimately by the ALJ. Consequently, Dr. Bailey's opinion was not probative evidence and the ALJ was not required to discuss it. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(an ALJ "must explain why significant probative evidence is rejected").

It is the role of the trier of fact to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ acted in accordance with his responsibility to determine the credibility of the medical evidence, and he gave specific, legitimate reasons for discrediting particular opinions. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Magallanes v. Bowen*, 881 F.2d 747, 751-752 (9th Cir. 1989).

Although the evidence may support more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner where, as here, proper legal standards were applied in weighing the evidence and making the decision. *See Brawner*, 839 F.2d at 433; *Sprague*, 812 F.2d at 1229-1230.

The ALJ properly weighed the medical evidence of psychological limitations and plaintiff's credibility. He came to a reasonable conclusion based on the evidence in the record, and that ends the court's inquiry on appeal. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005)("If the record would support more than one rational interpretation, we defer to the ALJ's decision.").

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and

supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 15)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for the parties, enter judgment in favor of Defendant, and **CLOSE** the file.

DATED this 3rd day of August, 2012.

<div style="text-align:right">
s/ James P. Hutton<br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE
</div>